# EXHIBIT 7

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CHAPTER I
LOCAL CIVIL RULES**

**TABLE OF CONTENTS**

**I.    SCOPE OF RULES; FORM OF ACTION ................................................... 1**
    F.R.Civ.P. 1.  SCOPE AND PURPOSE ......................................................... 1
        *L.R. 1-1  Applicability. ............................................................................ 1*
        *L.R. 1-2  General Orders. ....................................................................... 1*
        *L.R. 1-3  Applicability of Rules to Persons Appearing Without
              Attorneys. ............................................................................... 1*
        *L.R. 1-4  Definitions. .............................................................................. 1*
    *F.R.Civ.P. 2.  ONE FORM OF ACTION ...................................................... 2*

**II.   COMMENCING AN ACTION; SERVICE OF PROCESS,
      PLEADINGS, MOTIONS, AND ORDERS .................................................. 2**
    F.R.Civ.P. 3.  COMMENCING AN ACTION ............................................... 2
        *L.R. 3-1  Civil Cover Sheet and Other Forms Required at the Time
              of Filing a New Action. .............................................................. 2*
        *L.R. 3-2  Filing of Initiating Documents ................................................. 3*
    F.R.Civ.P. 4.  SUMMONS ............................................................................ 3
        *L.R. 4-1  Summons - Presentation for Issuance. ................................... 3*
        *L.R. 4-2  Summons - Service of Process - United States Marshal -
              Civil Cases. ............................................................................ 3*
        *L.R. 4-3  Summons - Service of Process - United States
              Government ........................................................................... 3*
        *L.R. 4-4  Summons - Service of Process - Habeas Corpus
              Proceedings. .......................................................................... 3*
    *F.R.Civ.P. 4.1.  SERVING OTHER PROCESS ............................................. 3*
    F.R.Civ.P. 5.  SERVING AND FILING PLEADINGS AND OTHER
                      PAPERS ........................................................................... 4
        *L.R. 5-1  Lodging Documents. ............................................................... 4*
        *L.R. 5-2  Filing In Forma Pauperis. ....................................................... 4*
        *L.R. 5-3  Serving Documents. ............................................................... 4*
              *L.R. 5-3.1  Service of Documents Not Filed Electronically. ...... 4*
                    *L.R. 5-3.1.1  Service. ....................................................... 4*
                    *L.R. 5-3.1.2  Proof of Service. .......................................... 4*
              *L.R. 5-3.2  Service of Documents Filed Electronically .............. 5*
                    *L.R. 5-3.2.1  Service. ....................................................... 5*

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

*F.R.Civ.P. 28. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN* ...................................................................................................53
*F.R.Civ.P. 29. STIPULATIONS ABOUT DISCOVERY PROCEDURE* .......53
*F.R.Civ.P. 30. DEPOSITIONS BY ORAL EXAMINATION* .........................53
*F.R.Civ.P. 31. DEPOSITIONS BY WRITTEN QUESTIONS* .......................53
F.R.Civ.P. 32. USING DEPOSITIONS IN COURT PROCEEDINGS.......53
    *L.R. 32-1  Use at Trial or an Evidentiary Hearing*...........................53
    *L.R. 32-2  Original of Transcript.* .......................................................54
F.R.Civ.P. 33. INTERROGATORIES TO PARTIES .................................54
    *L.R. 33-1  Numbering.*.......................................................................54
    *L.R. 33-2  Answers and Objections.*..................................................54
    *L.R. 33-3  Original.* ...........................................................................54
F.R.Civ.P. 34. PRODUCING DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS, OR ENTERING ONTO LAND, FOR INSPECTION AND OTHER PURPOSES ................................................................................................54
    *L.R. 34-1  Numbering.*.......................................................................54
    *L.R. 34-2  Responses and Objections.*................................................54
    *L.R. 34-3  Original.* ...........................................................................55
*F.R.Civ.P. 35. PHYSICAL AND MENTAL EXAMINATIONS* .....................55
F.R.Civ.P. 36. REQUESTS FOR ADMISSION ..........................................55
    *L.R. 36-1  Numbering.*.......................................................................55
    *L.R. 36-2  Answers and Objections.*..................................................55
    *L.R. 36-3  Original.* ...........................................................................55
F.R.Civ.P. 37. FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY; SANCTIONS ..............................55
    *L.R. 37-1  Prefiling Conference of Counsel.*......................................55
    *L.R. 37-2  Moving Papers.* .................................................................56
        *L.R. 37-2.1  Form of Joint Stipulation.* .....................................56
        *L.R. 37-2.2  Preparation of Joint Stipulation.* ..........................56
        *L.R. 37-2.3  Supplemental Memorandum.* ................................57
        *L.R. 37-2.4  Failure to File Joint Stipulation.* ..........................57
    *L.R. 37-3  Hearing on Motion.*..........................................................57
    *L.R. 37-4  Cooperation of Counsel - Sanctions.* ................................58

**VI.  TRIALS** ........................................................................................................58
F.R.Civ.P. 38. RIGHT TO A JURY TRIAL; DEMAND ...........................58
    *L.R. 38-1  Jury Trial Demand - Included in Pleading.* .....................58
    *L.R. 38-2  Jury Trial Demand - Removed Cases Where Jury Trial Not Demanded Prior to Removal.*............................................58

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

> ***L.R. 34-3  Original.***  The original of the requests for production of documents or to inspect tangible things served on the opposing party shall be held by the attorney propounding the requests pending use or further order of the Court.

***F.R.Civ.P. 35.  PHYSICAL AND MENTAL EXAMINATIONS***

***F.R.Civ.P. 36.  REQUESTS FOR ADMISSION***

> ***L.R. 36-1  Numbering.*** Requests for admissions shall be numbered sequentially without repeating the numbers used on any prior set of requests propounded by that party.

> ***L.R. 36-2  Answers and Objections.***  The party answering or objecting to requests for admission shall quote each request in full immediately preceding the statement of any answer or objection thereto.

> ***L.R. 36-3  Original.***  The original of the requests for admission served on the opposing party shall be held by the attorney propounding the requests pending use or further order of the Court.

***F.R.Civ.P. 37.  FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY; SANCTIONS***

> ***L.R. 37-1  Prefiling Conference of Counsel.***  Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.  It is the responsibility of counsel for the moving party to arrange for this conference.  If both counsel are located in the same county, the conference must take place in person at the office of the moving party's counsel unless the parties agree to meet someplace else.  If both counsel are not located in the same county, the conference may take place telephonically.  Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference.  The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

*L.R. 37-2  Moving Papers.*  If counsel are unable to settle their differences, they must formulate a written stipulation unless otherwise ordered by the Court.  The stipulation must be filed and served with the notice of motion.

> *L.R. 37-2.1  Form of Joint Stipulation.*  The stipulation must be set forth in one document signed by both counsel.  The stipulation must contain all issues in dispute and, as to each such issue, the contentions and points and authorities of each party.  The stipulation may not refer the Court to any other documents.  For example, if the sufficiency of an answer to an interrogatory is at issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, separately stated.  If the allegations made in a prior filing are relevant, a copy of that prior filing should be attached as an exhibit.  Exhibits to the stipulation may include declarations prepared in conformity with L.R. 7-7.  The specification of the issues in dispute, and the parties' contentions and points and authorities as to such issues, may be preceded by an introductory statement from each party, provided that no party's introductory statement may exceed three pages in length.  When a party states its contentions on a particular issue, such party must also state how it proposed to resolve the dispute over that issue at the conference of counsel.
>
> Although the stipulation should present the disputed issues as concisely as the subject matter permits, the page limitation established by L.R. 11-6 does not apply to stipulations regarding discovery disputes.  Any stipulation exceeding ten pages in length, excluding exhibits, must be accompanied by an indexed table of contents setting forth the headings or subheadings contained in the body thereof but need not be accompanied by a table of authorities.
>
> The title page of the stipulation must state the discovery cutoff date, the pretrial-conference date, and the trial date.  In addition, a copy of the order establishing the initial case schedule, as well as any amendments, must be attached to the stipulation or to a declaration filed in support of the motion.
>
> *L.R. 37-2.2  Preparation of Joint Stipulation.*  Following the conference of counsel, counsel for the moving party must personally

deliver, e-mail, or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position. Unless the parties agree otherwise, within seven days of receipt of the moving party's material, counsel for the opposing party must personally deliver, e-mail, or fax to counsel for the moving party the opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position. After the opposing party's material is added to the stipulation by the moving party's counsel, the stipulation must be provided to opposing counsel, who must sign it (electronically or otherwise) and return it to counsel for the moving party no later than the end of the next business day, so that it can be filed with the notice of motion.

**L.R. 37-2.3  *Supplemental Memorandum.*** After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen days before the hearing date. Unless otherwise ordered by the Court, a supplemental memorandum may not exceed five pages in length. No other separate memorandum of points and authorities may be filed by either party in connection with the motion.

**L.R. 37-2.4  *Failure to File Joint Stipulation.*** The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner under L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. If such declaration accompanies the motion, then L.Rs. 6-1, 7-9 and 7-10 apply.

**L.R. 37-3  *Hearing on Motion.*** The motion must be noticed to be heard on a regular Motion Day for the appropriate judge at least twenty-one days after the filing of the motion. Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.